Curia, per Earle, J.
The question here arises on the construction of the Act of 1817, which enacts, “that in case of the inability or refusal of any person taken, arrested, or imprisoned by mesne or final process, to pay for bis maintenance in gaol or prison bounds, such reasonable fees as may be allowed to the sheriff, then the assignee or assignees of such debtor, (to be appointed according to the Acts,) shall be chargeable therewith — to be paid in. the first place out of the effects in the bands of such assignee or assignees; and if the assignee or assignees of such debtor shall not have in their bands so much as may be sufficient to pay the fees aforesaid, then the person at whose suit such debtor may have been taken or arrested, shall be liable therefor.” On *73 reading this section of the Act there would not seem to be much difficulty in giving it' its just interpretation. It was intended to provide a remedy against a supposed defect of the common law, according to which, as it is said in Schroter vs. Crawford, 1 Hill, 422, “neither the sheriff nor the plaintiff were bound to provide for a debtor in execution; the sheriff could not look to the plaintiff unless upon a contract to pay, and there is no act which gives him any remedy against the debtor.” Without undertaking to decide the question whether the sheriff could not at common law recover his fees for subsistence, from the debtor himself, if able to pay, which I know no principle to forbid, I think it clear enough that the enactments of 1817 proceed on the ground, that the- debtor is bound to maintain himself, if able; and the entire statute seems to have been framed with a view to compel him to do so. It is only in case of inability or refusal of the debtor to pay for his maintenance, that the provisions of the Act apply in aid of the sheriff: and even there, the assignee is required to pay the fees out of the effects assigned, before the plaintiff is liable; and in Love vs. Lowry, 1 McC., 181, it is said to be a .material and necessary obligation on the sheriff; and of course indispensable to be proved, that the debtor is wholly insolvent, and no assignment made, or that the assets in the hands of the assignee are insufficient — for it is only in default of that fund that the plaintiff is ultimately ‘ chargeable. It is obvious that the whole Act proceeds .upon the supposition, that an assignment has been made, so far as it is intended to make the plaintiff liable; for even after such assignment, the debtor is still regarded as first to be looked to. With this view of the first section of the Act, let us examine the ground of the plaintiff’s action here. The proof is, that the debtor has abundant means and has made no assignment; no legal and effectual assignment, such as to entitle him to his discharge. Can he be considered as one who, within the meaning of the provisions of the first section, after an assignment is unable or refuses to pay ? Or within the ground of the decision of Love vs. Lowry, of being wholly insolvent and no assignment made ? I apprehend not. The plaintiff must make out such a case as to enable him to recover, according to the Act which provides his remedy. To give the judgment would be in opposition to the Act, which never *74 meant to enable a defendant to throw upon the plaintiff the burthen of maintaining him in gaol, by merely refusing to pay, whilst he has the means. This would indeed be a reward for his contumacy; and he would at the same time be enabled to withhold the payment of the plaintiff’s debt, and support himself at the plaintiff’s expense. In this connection, if we look at the second section of the Act, we shall perceive that the Legislature has not done its work so imperfectly— that provides “ in case any person taken, arrested or imprisoned by mesne or final process, shall neglect or refuse to surrender his effects in favor of his creditors, and to avail himself of the benefit of the Acts, &c., then the sheriff shall not be liable to provide for the diet and subsistence of such person, unless his reasonable fees for diet and subsistence be paid or tendered at the expiration' of each week.” I am surprised to hear it seriously contended that this tender or payment must in such case be made by the plaintiff. I think it is clearly otherwise; else the main purpose of the Act would be defeated — and the plaintiff would, either be deprived of the benefit of taking his debtor in execution, or be subjected to the tax of supporting a man who refuses to pay him. It is intended as a penalty on the debtor, a means of coercing him to do justice; and although, as said in Love vs. Lowry, it provides no remedy for the sheriff against the debtor, if he should supply him with subsistence, it releases him from the obligation to do so, whilst the debtor refuses to surrender his effects. If under such circumstances he feeds him, he does it on his personal credit and cannot look to the plaintiff. This construction presents the Act in a consistent aspect. The debtor, if he has the means, and refuses to make an assignment and surrender his effects, must maintain himself. If he makes an assignment and surrender, the fees are to be paid out of the effects — if insufficient, or if the debtor be wholly insolvent and no assignment can be made, or there be nothing to surrender, the plaintiff who caused him to be arrested must pay for his subsistence.
The judgment of the Circuit Court must be affirmed, and the motion is refused.